**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

ASHIE ELENA MERCADO ET AL.,

    Plaintiffs,

        v.                                               Civ. No. 03-1897(PG)

ALEIDA VARONA-MENDEZ, ET AL.,

    Defendants.

**OPINION AND ORDER**

Before the Court is Chief Magistrate Judge Arenas' Report and Recommendation ("R&R")(**Docket No. 79**) regarding defendants' Motion for Summary Judgment (**Docket No. 12**). For the following reasons, the Court APPROVES AND ADOPTS the Magistrate Judge's recommendations and GRANTS defendants' motion.

**FACTUAL BACKGROUND**[1]

Plaintiffs are a group of individuals who worked at the Puerto Rico administration for Child Support Enforcement (hereinafter "ASUME" for its Spanish acronym), as office clerks, child support specialists, and officers. They filed suit claiming defendants deprived them of their First and Fourteenth Amendment rights under the U.S. Constitution. Specifically, they aver defendants Aleida Varona-Mendez ("Varona") and Yolanda Zayaz ("Zayaz")(collectively "defendants") did not renew their transitory contracts because of their political affiliation. Plaintiffs also invoke Puerto Rico Law No. 100, 29 P.R. Laws Ann, §164 et seq., and Article 1802 of the Puerto Rico Civil Code, 32 PR Laws Ann §5141, as a basis for defendants' liability.

Plaintiffs allege that beginning on February 22, 2001, Varona, ASUME's administrator, announced she was terminating the employment of transitory child support specialists and officers. Plaintiffs were among

---

[1] The parties do not object to the Magistrate Judge's factual findings. Therefore, the Court culls the relevant fact from the R&R.

Civ. No. 03-1987 (PG)                                                Page 2

those terminated. They claim Varona's decision was politically motivated by reason of their membership to the New Progressive Party ("NPP") or because they had been identified with the previous NPP administration. They further aver that the decision was planned, directed and inspired by Zayas, then Secretary of the Puerto Rico Department of the Family. Lastly, plaintiffs claim they applied for permanent positions at ASUME but their applications were rejected and defendants hired less experienced individuals identified with the opposing party, the Popular Democratic Party ("PDP").

Defendants move to dismiss plaintiffs' complaint arguing that their transitory contracts were illegal, null and void, and that plaintiffs have failed to state a claim under §1983. Plaintiffs oppose defendants' contentions arguing the latter has failed to establish the absence of genuine issue of material fact regarding their political discrimination allegations. Furthermore, they aver they have proffered sufficient evidence to controvert defendants' arguments that the refusal to renew their transitory contracts was not politically motivated.

## DISCUSSION

### I. Review of the Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party can contest the Magistrate Judge's findings "by filing objections 'within ten days of being served' with a copy of the order'." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services,

Civ. No. 03-1987 (PG)                                                    Page 3

Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"; see 28 U.S.C. § 636(b)(1); but if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)).

   **II.   Summary Judgment**

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which allows disposition of a case if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir. 2000).  Material facts are those that are outcome-determinative under the governing substantive law. Morrisey v. Boston Five Cents Savings Bank, 54 F.3d 27, 31 (1st Cir. 1995).  To be successful in its attempt, the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record, DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997), through definite and competent evidence. Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  If the non-movant generates uncertainty as to the true state of any material fact, the movant's efforts should be deemed unavailing.  Suarez v. Pueblo Int'l, 229 F.3d 49, 53 (1st Cir. 2000). Nonetheless, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts. See Rochester Ford Sales, Inc. v. Ford Motor Co.,

Civ. No. 03-1987 (PG)                                                    Page 4

287 F.3d 32, 38 (1st Cir. 2002). When evaluating the evidence before it, however, the Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Pueblo Int'l, 229 F.3d 49, 53 (1st Cir. 2000).

### III. Analysis[2]

####    A. Failure to State a Claim Under §1983

#####       1. DUE PROCESS

To prevail in a procedural due process claim, plaintiffs must show that they had a property interest and that defendants, acting under color of state law, deprived them of that interest without a constitutionally adequate process. PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991). See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 542-43 (1985). Property interests subject to due process protection are not created by the Constitution but by "existing rules or understandings that stem from an independent source such as state law." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must . . . have a legitimate claim of entitlement to it based on a contractual or statutory language, or mutually explicit understandings." Id.; Perry v. Sindermann, 408 U.S. 593, 601 (1972).

The Magistrate Judge determined that to the extent plaintiffs claim having been deprived of a constitutionally recognized property interest in their transitory appointments with ASUME, their cause of action fails because as transitory employees, they had no property interest over their employment. See Gomez v. Rivera-Rodrigruz, 344 F. 3d 103, 111 (1st Cir. 2003). Accordingly, defendants had no obligation to afford them due

---

[2] The parties do not object to the Magistrate Judge's conclusion regarding the legality of plaintiffs' appointment. Therefore, we adopt the Magistrate Judge's recommendation regarding this issue that pursuant to Sanchez-Lopez v. Fuentes-Pujols, 375 F.3d 121 (1st Cir. 2004) defendants cannot defeat liability by simply showing that the appointments were null and void because regardless of their legality, government employers cannot transfer, discharge, or appoint individuals solely on the basis of their political beliefs or affiliation.

Civ. No. 03-1987 (PG)                                                    Page 5

process when they terminated their contracts.

Plaintiffs object arguing that they had a property interest in their employment pursuant to Local Law No. 85 of May 24, 2003 (See Docket No. 81 at 9, n.3.) They argue that Law No. 85 created a "sui generis" classification that gave them an expectation of a property interest that in a period of three years, they could be selected for permanent career positions.

A review of the record reveals, however, that this is the first time plaintiffs have alleged they had a property interest pursuant to Local Law No. 85. It is well-settled that "district court judges on a *de novo* review of a magistrate's report and recommendation may entirely ignore arguments not presented to the magistrate." Crooker v. Van Higgins, 682 F.Supp. 1274, 1281 (D.Mass. 1988)(citing Paterson-Leitch Co., v. Massachusetts Municipal Wholesale Electrical Co., 840 F.2d 985, 989-91 (1st Cir. 1988)); Alamo Rodriguez v. MCS Life Ins. Co., 283 F.Supp.2d 459, 463 (D.P.R. 2003). See also Sackall v. Heckler, 104 F.R.D. 401, 403 (1st Cir. 1984)("[I]f the magistrates' system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate judge.") Accordingly, we adopt the Magistrate Judge's recommendation to grant summary judgment as to plaintiffs' due process claim.

### 2. POLITICAL DISCRIMINATION

Upon reviewing the record, the Magistrate Judge concluded that plaintiffs failed to submit evidence to create a triable issue regarding political affiliation as a substantial or motivating factor in defendants' decisions to terminate their contracts inasmuch as the evidence submitted failed to show defendants knew of plaintiffs' political affiliation. Plaintiffs object averring that there are factual disputes as to causation regarding whether defendants would have taken the same action regardless of political considerations. As the Magistrate Judge correctly concluded,

Civ. No. 03-1987 (PG)                                                    Page 6

the Court need not reach that issue because plaintiffs fail to establish a *prima facie* case of discrimination.

To establish their *prima facie* case, plaintiffs had to show that there is a causal connection linking the allegedly discriminating conduct to their political beliefs. See LaRou v. Ridlon, 98 F.3d 659, 662 (1st Cir. 1996). Circumstantial evidence may be sufficient to support a finding of political discrimination, Estrada-Izquierdo v. Aponte Roque, 850 F.2d 10, 14 (1st Cir. 1988); but, plaintiffs must make a fact-specific showing that a causal connection exists between the adverse treatment and their political affiliation. Aviles-Martinez v. Monroig, 963 F.2d 2, 5 (1st Cir. 1992). For political affiliation to be a motivating factor behind an adverse employment action, those responsible for the deprivation of constitutional rights must have had knowledge of plaintiffs' political affiliation. See Goodman v. Pennsylvania Turnpike Comm'rs, 293 F.3d 655, 663-64 (3d Cir. 2002). See also Gonzalez-De-Blasini v. Family Dept., 377 F.3d 81, 85 (1st Cir. 2004). If plaintiffs successfully establish their *prima facie* case, then the burden shifts to the defendants who must show that they would have taken the same action regardless of plaintiffs' political affiliation. See Rodriguez-Rios v. Cordero, 138 F.3d 22, 24 (1st Cir. 1998); see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287(1977).

Plaintiffs allege defendants' decisions were politically motivated because they are members of the NPP or because they had been identified with the previous NPP administration. A review of the record reveals, however, plaintiffs have not proffered evidence to support these contentions. Most, but not all, of the plaintiffs submitted a series of "Statements Under Penalty of Perjury," indicating that they are well-known NPP activists and that this fact was known by their superiors and co-workers. These conclusory statements alone are insufficient to establish that plaintiffs were well-known NPP activists or that political

affiliation was a substantial motivation factor in the adverse employment decisions. It is well-settled that "a showing of political animus requires more than merely juxtaposing a protected characteristic--someone else's politics--with the fact that plaintiff was treated unfairly." Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 432-433 (1st Cir. 2005)(citing Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 74 (1st Cir.2000)(internal quotations omitted)). See Gonzalez-De-Blasini, 377 F.3d at 85 (plaintiffs must point to evidence on the record which would permit a rational fact finder to conclude that the challenged personnel action stemmed from a politically based discriminatory animus).

The evidence in the record reveals plaintiffs were political activists in different municipalities around the island such as Isabela, Ponce, Aguadilla and Jayuya, which are remote to the San Juan area. It would thus be unreasonable to infer that the alleged "common knowledge" of plaintiffs' NPP affiliation was transferred to defendants who labored in the Family Department and ASUME's central offices located in San Juan.

Although plaintiffs submit affidavits stating that their functions are being performed by PDP members, nothing is proffered with regards to when and how these PDP affiliates were hired. Furthermore, no evidence is provided as to whether these employees were hired immediately after plaintiffs transitory contracts were terminated or whether they were already employed by ASUME and merely took over plaintiffs' functions. For example, plaintiffs submit a number of letters from well-known PDP politicians to defendants recommending several individuals for employment. These letters, however, have no bearing on plaintiffs' cause of action as the last of these letters was sent almost two years after plaintiffs' contracts were terminated.

As in Gonazlez-De-Blasini, plaintiffs adduce no evidence to show that defendants knew they were NPP affiliates and thus fail to show that political affiliation was a substantial factor in the challenged

Civ. No. 03-1987 (PG)                                                  Page 8

employment action. Id. 377 F.3d at 85-86. Hence, the Court need not reach the second question involving causation as the absence of any evidence regarding political motivation dooms plaintiffs' *prima facie* case and consequently, their political discrimination case. The evidence proffered is circumstantial at best and while a *prima facie* case may be built on circumstantial evidence, plaintiffs have not "generated the specific facts necessary to take the asserted claim out of the realm of speculative, general allegations." Id. (quoting Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1173 (1st Cir.1988)). Because the proffered evidence fails to establish a *prima facie* case of political discrimination, the Court concurs with the Magistrate Judge in that summary judgment as to this claim is warranted.

### B. Supplemental Law Claims

Having dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over plaintiffs' supplemental claims. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998)("[The balance of competing factors ordinarily weigh[s] strongly in favor of declining jurisdiction over state law claims where the ... federal claims have been dismissed at an early stage in the litigation.")

### CONCLUSION

For the anteceding reasons, the Court **APPROVES AND ADOPTS** the Magistrate Judge's Report and Recommendation (**Docket No. 79**) , **GRANTS** co-defendants' Motion for Summary Judgment (**Docket No. 12**). Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico June 24, 2005.

                                              S/ JUAN M. PEREZ-GIMENEZ
                                              U.S. District Judge